**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **RONALD DALE ETHRIDGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. _____** |
| **v.** | ) **JURY DEMANDED** |
| | ) |
| **SUMMIT ROOFING DYERSBURG, LLC** | ) |
| **d/b/a PRIME ROOFING, and** | ) |
| **LESLIE FORRESTER, Individually,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

COMES NOW the Plaintiff, Ronald Dale Ethridge (hereinafter "Mr. Ethridge" or "Plaintiff"), by and through counsel, and brings this action against Defendants, Summit Roofing Dyersburg, LLC d/b/a Prime Roofing ("Prime Roofing" or the "Company") and Leslie Forrester, individually ("Forrester") (collectively, "Defendants"), for compensatory, liquidated, and punitive damages and equitable relief arising from sex discrimination, unpaid wages, retaliation, and wrongful and retaliatory discharge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; and Tennessee statutory and common law, and would show this Honorable Court and a jury of his peers the following:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff, Ronald Dale Ethridge (who is inadvertently identified in the underlying EEOC Charge of Discrimination and Notice of Right to Sue as "Richard Dale Ethridge"), is an

1

adult male individual and a resident of Dyer County, Tennessee, with a residential address of 1402 Cross Country Road, Newbern, Tennessee 38059.

2. Defendant Summit Roofing Dyersburg, LLC d/b/a Prime Roofing is a Tennessee limited liability company with its principal place of business at 105 East Main Street, Newbern, Tennessee 38059. The Company, formerly operating as Summit Roofing Dyersburg, LLC and now operating as Prime Roofing, may be served with process through its registered agent, Leslie Forrester, at 105 East Main Street, Newbern, Tennessee 38059.

3. Defendant Leslie Forrester is an adult individual who, upon information and belief, resides in and conducts business in Tennessee. At all relevant times, Forrester was the owner and operator of the Company who exercised direct operational control over the Company's employment and pay practices, including the methods and timing of payment and the acts and omissions alleged herein, and is therefore an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is jointly and severally liable with the Company.

4. At all relevant times, Defendants constituted an "employer," and Mr. Ethridge was an "employee," within the meaning of Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act. The Company employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and is an "employer" within the meaning of 42 U.S.C. § 2000e(b); and the Company was engaged in commerce or in the production of goods for commerce and had annual gross revenues in excess of $500,000.

5. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under the laws of the United States, namely Title VII of the

2

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6. This Court has supplemental jurisdiction over Plaintiff's related Tennessee state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy as Plaintiff's federal claims.

7. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with. Mr. Ethridge timely filed a Charge of Discrimination, dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Tennessee Human Rights Commission, EEOC Charge No. 490-2026-00829, alleging sex discrimination and retaliation. On or about March 9, 2026, the EEOC issued its Dismissal and Notice of Rights (Notice of Right to Sue), and this action is filed within ninety (90) days of Plaintiff's receipt thereof. A true and correct copy of the EEOC Charge of Discrimination and the EEOC Notice of Right to Sue is attached hereto as Exhibit A. Plaintiff's claims under the Fair Labor Standards Act require no administrative exhaustion.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to this action arose in Dyer County, Tennessee, which lies within the Western District of Tennessee, Eastern Division, and because Defendants reside and conduct business within this judicial district.

**FACTS**

9. The preceding paragraphs of this Complaint are incorporated as if fully stated herein.

10. Mr. Ethridge was employed by Defendants as a commissioned salesperson from on or about May 2021 until his wrongful, discriminatory, and retaliatory termination on or about April 11, 2025.

3

11. Mr. Ethridge performed his job duties at a high level and generated substantial revenue for the Company. During his tenure, he secured approximately 250 roofing contracts averaging approximately $25,000 per job—approximately $6,250,000 in sales and approximately $2,500,000 in profit for the Company.

12. Upon hiring, Mr. Ethridge was promised a yearly income of approximately $90,000 to $100,000 upon meeting sales goals, along with the following compensation: front-end pay of $600.00 per week; a $500.00 back-end payment; six percent (6%) of the profit margin for each roofing job completed; a sales bonus of $15,000.00 if his sales exceeded $1,000,000; a $500.00 bonus for each month his sales reached $65,000; and assigned company equipment, including a Company truck, a Company cell phone, and other Company-provided equipment.

13. Mr. Ethridge regularly worked approximately fifty-eight (58) to sixty-two (62) hours per week and was not paid overtime compensation or holiday pay.

14. Despite his performance and the Company's promises, Defendants paid Mr. Ethridge substantially less than he earned and was promised. For example, the Company paid Mr. Ethridge approximately $42,000 in 2023 and approximately $37,000 in 2024—far below the promised $90,000 to $100,000 per year. Upon information and belief, Mr. Ethridge was underpaid by approximately $250,000 over the course of his employment.

15. Defendants have not paid Mr. Ethridge approximately $14,850.00 in commissions earned on his last six (6) signed contracts, and have failed to reimburse him for fuel and other expenses he personally incurred out of pocket on behalf of the Company.

16. Throughout his employment, Mr. Ethridge's pay was repeatedly reduced, withheld, and altered without his consent. In addition, Mr. Ethridge was paid less than, and treated less

favorably than, similarly situated employees outside his protected class, including female employees, who performed the same or substantially equal work, giving rise to an inference that Defendants discriminated against Mr. Ethridge because of his sex (male).

17. Beginning in or about 2023 and continuing thereafter, Mr. Ethridge complained internally about the Company's failure to pay him the wages and commissions he had earned and was promised, and about the unequal and discriminatory treatment he was experiencing, including his belief that he was being subjected to unlawful discrimination because of his sex. Rather than address his concerns, Defendants continued to reduce, withhold, and alter his pay and treated him less favorably than others.

18. In or about December 2024, Mr. Ethridge and other Company salespeople were called into a mandatory meeting at the Company's office in Newbern, Tennessee, where Defendants presented them with a "take it or leave it" agreement that reduced their compensation to thirty percent (30%) of the Company's profit per job, and told them their employment would be terminated if they did not sign.

19. When Mr. Ethridge objected and raised concerns regarding the fairness and legality of the new agreement and the Company's pay practices, Defendants responded with hostility and threats, and the work environment became increasingly hostile.

20. On occasion, Defendants paid Mr. Ethridge for work performed using Forrester's personal bank account and without withholding required federal income and payroll taxes, creating serious uncertainty as to whether Mr. Ethridge's payroll taxes were properly paid and reflecting Defendants' disregard for lawful payroll practices.

21.    On or about April 11, 2025, Defendants abruptly terminated Mr. Ethridge's employment while falsely claiming that he had "quit," although Mr. Ethridge never resigned or indicated any intent to leave.

22.    Without prior notice, Forrester came to Mr. Ethridge's residence accompanied by law enforcement officers and repossessed the Company vehicle assigned to Mr. Ethridge while he was not home. Forrester then placed "separation" papers in Mr. Ethridge's mailbox that bore no postage or postmark, were not delivered through official channels, and which Mr. Ethridge never signed or agreed.

23.    Following the termination, Forrester sent messages to Mr. Ethridge's wife and to his friend, Steven, threatening to return with police officers if Mr. Ethridge did not immediately return certain items. Mr. Ethridge informed Defendants that he was still owed payment for completed jobs and reimbursement for fuel expenses he had personally paid for Company vehicles; to date, Defendants have paid none of the wages or reimbursements owed.

24.    Upon information and belief, Defendants have engaged in a pattern of similar wage-and-hour and employment practices with respect to other commissioned salespeople, including prior litigation by a former employee that resulted in a settlement.

25.    Defendants' stated reasons for their treatment and termination of Mr. Ethridge are pretextual, and the real reasons were discrimination and retaliation for Mr. Ethridge's opposition to unlawful employment practices.

26.    As a direct and proximate result of Defendants' conduct, Mr. Ethridge has suffered severe financial and emotional harm, including constant financial strain from late and insufficient pay and significant stress, anxiety, and physical illness arising from the uncertainty surrounding his income.

## COLLECTIVE ACTION ALLEGATIONS

27.    Mr. Ethridge brings the Fair Labor Standards Act claims set forth below as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated current and former commissioned salespeople of Defendants who, within the applicable limitations period, were subjected to Defendants' unlawful pay practices, including the failure to pay all earned wages, commissions, and overtime compensation (the "Collective Members").

28.    The Collective Members are similarly situated in that they performed similar job duties, were subject to the same compensation structures and the same "take it or leave it" agreement, and were subjected to the same policies and practices of reducing, withholding, and failing to pay earned wages, commissions, and overtime. Defendants' unlawful practices were willful and applied uniformly. Mr. Ethridge requests that the Court authorize notice to the Collective Members so that they may opt in to this action pursuant to 29 U.S.C. § 216(b).

## CAUSES OF ACTION

### COUNT ONE — UNPAID WAGES AND OVERTIME UNDER THE FLSA
*29 U.S.C. §§ 201, 206, 207, and 216(b) (Collective Action).*

29.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

30.    At all relevant times, Defendants were employers and Mr. Ethridge and the Collective Members were employees engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

7

31. Defendants failed to pay Mr. Ethridge and the Collective Members all wages owed, including earned commissions, final wages, and compensation for all hours worked, and failed to pay overtime compensation at one and one-half times the regular rate for hours worked in excess of forty (40) per week, despite Mr. Ethridge regularly working approximately 58 to 62 hours per week.

32. Defendants' failure to pay all wages and overtime owed violated 29 U.S.C. §§ 206 and 207, and such violations were willful.

33. Mr. Ethridge and the Collective Members are entitled to recover their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO — RETALIATION UNDER THE FLSA
### *29 U.S.C. § 215(a)(3).*

34. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

35. Mr. Ethridge engaged in protected activity by complaining about Defendants' failure to pay all wages and overtime owed and other unlawful pay practices.

36. Defendants retaliated against Mr. Ethridge because of his protected activity by reducing his pay, subjecting him to a hostile work environment, and terminating his employment.

37. Defendants' retaliatory conduct violated 29 U.S.C. § 215(a)(3) and was the direct and proximate cause of Mr. Ethridge's damages, entitling him to all remedies available under 29 U.S.C. § 216(b).

## COUNT THREE — BREACH OF CONTRACT
### *Tennessee Common Law.*

38.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

39.   Defendants and Mr. Ethridge entered into an enforceable agreement under which Defendants promised to pay Mr. Ethridge specified compensation, including front-end and back-end pay, commissions of six percent (6%) of profit margin per job, bonuses, expense reimbursement, and a yearly income of approximately $90,000 to $100,000 upon meeting sales goals.

40.   Mr. Ethridge fully performed his obligations by generating substantial sales and profit for the Company.

41.   Defendants materially breached the agreement by failing to pay Mr. Ethridge the promised and earned compensation, including approximately $14,850.00 in commissions on his last six contracts and unreimbursed expenses, and by unilaterally reducing and withholding his pay without his consent.

42.   As a direct and proximate result of Defendants' breach, Mr. Ethridge has suffered damages in an amount to be proven at trial.

## COUNT FOUR — PROMISSORY ESTOPPEL
### *Tennessee Common Law.*

43.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

44.   Defendants made clear and unambiguous promises to Mr. Ethridge regarding his compensation, commissions, bonuses, and reimbursement, intending that he rely upon those promises.

45. Mr. Ethridge reasonably and detrimentally relied on Defendants' promises by accepting and continuing his employment, foregoing other opportunities, and incurring out-of-pocket expenses on behalf of the Company.

46. Injustice can be avoided only by enforcement of Defendants' promises, and Mr. Ethridge is entitled to recover his resulting damages.

## COUNT FIVE — UNJUST ENRICHMENT / QUANTUM MERUIT
### *Tennessee Common Law.*

47. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

48. Mr. Ethridge conferred substantial benefits upon Defendants by generating approximately $6,250,000 in sales and approximately $2,500,000 in profit, and by personally paying expenses on the Company's behalf.

49. Defendants knowingly accepted and retained those benefits under circumstances in which it would be inequitable to retain them without paying Mr. Ethridge the reasonable value of his services, commissions, and expenses.

50. Defendants have been unjustly enriched at Mr. Ethridge's expense, and Mr. Ethridge is entitled to recover the reasonable value of the benefits conferred.

## COUNT SIX — FRAUDULENT AND NEGLIGENT MISREPRESENTATION
### *Tennessee Common Law.*

51. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

52. Defendants made material representations to Mr. Ethridge regarding his compensation, commissions, bonuses, and the terms of his employment, which representations were false or were made without reasonable care as to their truth.

53. Defendants made the representations intending that Mr. Ethridge rely upon them, and Mr. Ethridge justifiably relied upon them in accepting and continuing his employment and performing services.

54. As a direct and proximate result of Defendants' misrepresentations, Mr. Ethridge suffered damages, and Defendants' conduct was intentional, reckless, and undertaken in bad faith.

## COUNT SEVEN — COMMON-LAW RETALIATORY AND WRONGFUL DISCHARGE
### *Tennessee Common Law and Public Policy.*

55. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

56. Tennessee law prohibits an employer from discharging an employee in violation of a clear and well-defined public policy, including for opposing or refusing to participate in unlawful pay practices and for asserting statutorily protected rights.

57. Defendants discharged Mr. Ethridge because of, and in retaliation for, his complaints and opposition to Defendants' unlawful pay and employment practices, and such protected conduct was a substantial factor in Defendants' decision to terminate him.

58. Defendants' discharge of Mr. Ethridge contravened the public policy of the State of Tennessee, constituted retaliatory and wrongful discharge, and was the direct and proximate cause of Mr. Ethridge's damages.

## COUNT EIGHT — CONVERSION
### *Tennessee Common Law.*

11

59.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

60.   Mr. Ethridge had a right to his earned and unpaid wages and commissions, to reimbursement of out-of-pocket expenses he advanced for the Company, and to his personal property.

61.   Defendants intentionally exercised dominion and control over Mr. Ethridge's earned wages, commissions, expense reimbursements, and property in defiance of his rights, and have wrongfully retained the same.

62.   Defendants' conversion was the direct and proximate cause of Mr. Ethridge's damages.

## COUNT NINE — TRESPASS
### *Tennessee Common Law.*

63.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

64.   Mr. Ethridge had a possessory interest in his residence and the surrounding property at 1402 Cross Country Road, Newbern, Tennessee.

65.   Defendants, through Forrester and others acting at his direction, intentionally entered upon Mr. Ethridge's residential property without consent or lawful authority in order to take the Company vehicle and to place unstamped documents in his mailbox while he was not home.

66.   Defendants' intentional and unauthorized entry upon Mr. Ethridge's property constituted a trespass and was the direct and proximate cause of his damages.

## COUNT TEN — DEFAMATION (LIBEL AND SLANDER)
### *Tennessee Common Law.*

12

67. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

68. Defendants made and published false statements of fact concerning Mr. Ethridge to third persons, including the false statement that he had "quit" and false communications to law enforcement and to Mr. Ethridge's wife and friend implying that he had wrongfully retained property and engaged in improper conduct.

69. The statements were false, were made with knowledge of their falsity or with reckless disregard for the truth, and were not privileged.

70. The statements tended to injure Mr. Ethridge's reputation and exposed him to public contempt and ridicule, and were the direct and proximate cause of damage to his reputation and his emotional and economic harm.

## COUNT ELEVEN — FALSE LIGHT INVASION OF PRIVACY
### *Tennessee Common Law.*

71. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

72. Defendants gave publicity to matters concerning Mr. Ethridge that placed him in a false light, including by falsely portraying him as having quit and as having wrongfully retained Company property in communications to law enforcement, his wife, and his friend.

73. The false light would be highly offensive to a reasonable person, and Defendants acted with knowledge of, or reckless disregard for, the falsity of the publicized matters.

74. Defendants' conduct was the direct and proximate cause of Mr. Ethridge's emotional distress, reputational harm, and other damages.

## COUNT TWELVE — SEX DISCRIMINATION
### *Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.*

75.  Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

76.  Mr. Ethridge is a member of a protected class on the basis of sex; he is male.

77.  Mr. Ethridge was qualified for his position and performed his duties satisfactorily.

78.  Defendants subjected Mr. Ethridge to adverse employment actions, including paying him less than similarly situated employees outside his protected class for substantially equal work, repeatedly reducing and withholding his pay, subjecting him to a hostile work environment, and terminating his employment.

79.  Similarly situated employees outside Mr. Ethridge's protected class, including female employees, were treated more favorably than Mr. Ethridge with respect to compensation and the terms and conditions of employment, giving rise to an inference that Mr. Ethridge's sex was a motivating factor in Defendants' conduct, and Defendants' stated reasons were a pretext for unlawful sex discrimination.

80.  Defendants' intentional and discriminatory conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and was the direct and proximate cause of Mr. Ethridge's damages, including compensatory and punitive damages subject to 42 U.S.C. § 1981a.

## COUNT THIRTEEN — RETALIATION
### *Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).*

81.  Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

14

82.    Mr. Ethridge engaged in protected activity by opposing and complaining about unequal pay and treatment that he reasonably and in good faith believed to be unlawful discrimination because of sex under Title VII.

83.    Defendants were aware of Mr. Ethridge's protected activity.

84.    Defendants subjected Mr. Ethridge to materially adverse actions, including further reductions in pay, a hostile work environment, and the termination of his employment.

85.    A causal connection exists between Mr. Ethridge's protected activity and the adverse actions, as shown by Defendants' hostility following his complaints and the timing of his termination, and Defendants' stated reasons were a pretext for unlawful retaliation.

86.    Defendants' retaliatory conduct violated Title VII, 42 U.S.C. § 2000e-3(a), and was the direct and proximate cause of Mr. Ethridge's damages.

## DAMAGES

87.    As a direct and proximate result of Defendants' unlawful conduct, Mr. Ethridge has suffered and continues to suffer damages, and seeks recovery of, including but not limited to: unpaid wages, commissions, bonuses, and overtime; unreimbursed expenses; back pay and front pay; an accounting of all amounts owed; liquidated damages under the Fair Labor Standards Act; compensatory damages for emotional distress, humiliation, inconvenience, mental anguish, reputational harm, and loss of enjoyment of life; punitive damages; declaratory and injunctive relief; and reasonable attorneys' fees, expert fees, litigation expenses, and costs. Mr. Ethridge's compensatory and punitive damages under Title VII are subject to the statutory limits of 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ronald Dale Ethridge respectfully prays that this Honorable Court:

A.　　Issue proper service of process upon Defendants;

B.　　Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, on all counts;

C.　　Award Plaintiff all unpaid wages, commissions, bonuses, overtime, and unreimbursed expenses, together with an accounting of all amounts owed;

D.　　Award Plaintiff liquidated damages in an amount equal to his unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

E.　　Award Plaintiff back pay, front pay, reinstatement or front pay in lieu thereof, and compensatory damages for emotional distress, mental anguish, humiliation, reputational harm, inconvenience, and loss of enjoyment of life, including compensatory damages under Title VII subject to 42 U.S.C. § 1981a;

F.　　Award Plaintiff punitive damages for Defendants' intentional, willful, malicious, and reckless conduct as permitted by law, including punitive damages under Title VII subject to 42 U.S.C. § 1981a;

G.　　Authorize notice to similarly situated Collective Members and permit them to opt in pursuant to 29 U.S.C. § 216(b);

H.　　Grant declaratory and injunctive relief as appropriate, including enjoining Defendants from further discrimination, retaliation, and unlawful pay practices;

16

I.      Award Plaintiff reasonable attorneys' fees, expert fees, litigation expenses, and costs pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(k), and other applicable law;

J.      Award Plaintiff pre-judgment and post-judgment interest at the maximum rate allowed by law; and

K.      Grant Plaintiff such other and further relief, whether legal or equitable, to which he may be justly entitled.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this the 4th day of June, 2026.

*s/ William A. Wooten*
William A. Wooten (BPR #026674)
WOOTEN LAW OFFICE
Attorney for Plaintiff
120 Court Square East
Covington, Tennessee 38019
(901) 475-1050
(901) 234-0028/facsimile
William@wootenlawoffice.com

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

*s/ William A. Wooten*
Wooten Law Office